ROBERT A. LANGEVIN, JR., et al., Plaintiffs, *v.* BINGHAMTON GAS WORKS, Defendant.

Supreme Court, Special Term, Broome County, February 9, 1954.

*William H. Johnson, Jr.*, for plaintiffs.

*C. Addison Keeler* for defendant.

McAvoy, J. This is a motion by plaintiffs for a temporary injunction in an action for a permanent injunction restraining defendant from discontinuing gas service to plaintiffs' dwelling situate at 26 Ritchie Road in the town of Fenton, Broome County, New York.

The gist of plaintiffs' action is to enjoin the defendant from the violation of its duty, arising out of an alleged contract between the parties, requiring defendant to furnish gas for space heating plaintiffs' premises. The injunction is sought because plaintiffs contend irreparable injury and damage would result to them if the defendant fails to perform its alleged duty. Therefore, the solution of this question depends upon whether or not there was a valid and enforcible contract between these parties imposing a duty upon the defendant to supply plaintiffs with gas.

Cases involving rights of consumers and the duties of gas companies have been before the courts of this State for determination on numerous occasions. It would serve no useful purpose to analyze all of these authorities here, because in my opinion most of them have become obsolete by reason of the enactment of section 66-a of the Public Service Law (L. 1948, ch. 7, eff. Feb. 16, 1948).

However, as part of the background for the enactment of section 66-a, it might be well to consider the court's holding in *Matter of Park Abbott Realty Co.* v. *Iroquois Natural Gas Co.* (102 Misc. 266, 267). There, the gas company distributed natural gas to consumers in the city of Buffalo under a franchise from the city which required it to " furnish natural gas to all consumers on the line of the streets  *  *  *  in which the pipes

are laid as long as said pipes shall be in use for the purpose of supplying natural gas.''

In October, 1916, the relator, about to construct a dwelling, applied for a gas connection. Thereafter, upon complaint of another, the Public Service Commission made an order to the effect that the gas company should neither connect nor serve gas to one who at the time of the receipt of the order was not a customer or user of gas. The applicant had constructed his dwelling with appliances for use of natural gas. The gas company, during extremly cold weather, had been unable to completely serve all present customers due to lack of supply, and customers in the neighborhood had suffered.

Mr. Justice SEARS held (*Matter of Park Abbott Realty Co. v. Iroquois Natural Gas Co., supra,* p. 270): '' The respondent is engaged in a business of a public character and its obligation to serve all equally within its power and to make connections, in the absence of any restraining order, rests upon a common-law duty, on the contract obligation of its franchise and on the statutory duty imposed by section 65 of the Public Service Commissions Law. Of course, the law does not require the impossible and if gas cannot be obtained a company * * * is excused from supplying it. The public service commission has undoubted right to make regulations for the supply of gas but a restriction or classification which is unreasonable and arbitrary is invalid, and may be attacked collaterally.''

The Appellate Division, Fourth Department, affirmed this decision (187 App. Div. 922), and it is important to note that they based their decision on the lack of *legislative authority,* express or implied, in the Public Service Commission to make the order of December 13, 1917, prohibiting the gas company from serving new customers after the date of the order.

The holding in this and other similar authorities to the effect that the commission had been given no *legislative authority* to issue orders or regulations restricting the number of customers that a gas company could service in a particular area, and that they must serve all equally under their franchise and statutory duty, is undoubtedly the reason why the Legislature found it necessary, with the ever-increasing demands for gas, to enact section 66-a of the Public Service Law. Unless the distribution of gas could be regulated and controlled, the increasing demand for additional service would ultimately lead to public disaster. Hence the State, under its police power, declared its public policy on this subject and delegated the necessary authority to the Public Service Commission to control the situation.

Section 66-a of the Public Service Law provides:

" 1. It is hereby declared to be *the policy of this state* that when there develops in any area a situation under which a gas corporation supplying gas to such area is unable to meet the reasonable needs of its consumers and of persons * * * applying for new or additional gas service, the available supply of gas should be conserved for the use of domestic consumers * * * and that to carry out this declared policy the jurisdiction of the public service commission should be clarified.

" 2. Notwithstanding the provisions of any statute or any franchise held by a gas corporation, the commission shall have power, upon the finding that there exists such a shortage of gas in any area in the state, that the gas corporation supplying such area is unable and will be unable to secure or produce sufficient gas to meet the reasonable needs of its customers and of persons * * * applying for new or additional gas service, to require such corporation to immediately discontinue the supplying of gas to additional customers * * * and the commission is authorized to adopt such rules, regulations and orders as are necessary or appropriate to carry out these delegated powers."

The defendant contends that there has been a finding by the commission that there is such a shortage of gas in the area here involved, and that the commission has duly adopted certain rules and regulations restricting the number of customers that may be served and defining the manner in which old and new applications for service shall be processed; and it is further argued that plaintiffs have not brought themselves within such rules and regulations so as to entitle them to service.

If the gas company and these plaintiffs did, in fact, enter into any agreement which would be in violation of the declared policy of this State and the rules and regulations adopted to carry it out, the courts would not and should not intervene to enforce it. Neither party could legally enter into such a contract. To hold otherwise would nullify the rules and regulations of the Public Service Commission. Whether there was such an agreement, and if so, whether it contravened any existing provisions of law, presents questions which should properly be the subject of proof upon a trial of this action.

In view of the hardship which might ensue to the plaintiffs as a result of its service being presently discontinued, a temporary injunction is granted against the defendant as demanded, until the next term of this court at which the issue can be tried.

Submit order in accordance herewith.